IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                                    CASE NO.    4:01cr33-SPM/AK

MICHAEL LAMAR BROWN,

     Defendant.
_____/

**ORDER**

THIS CAUSE comes before the Court for consideration of the magistrate judge's report and recommendation dated April 4, 2006 (doc. 79).  Defendant has been furnished a copy of the report and recommendation and filed objections (doc. 80).  Pursuant to Title 28, United States Code, Section 636(b)(1), I find that the report and recommendation is correct and should be adopted by the Court.

Defendant pleaded guilty to one count of manufacturing more than 100 marijuana plants, in violation of Title 21, United States Code, Sections 841(a) and 841(b)(1)(B)(vii).  Because the Government filed a notice that Defendant had at least one prior felony drug conviction, he was subject to an enhanced statutory penalty that included a ten year minimum mandatory sentence up to a maximum of life imprisonment.  21 U.S.C. § 851(b).  Defendant was sentenced to ten years imprisonment in accordance with the minimum mandatory.

Defendant now argues that his defense attorney rendered ineffective assistance by failing to conduct a pretrial investigation, failing to file a motion to suppress, failing to properly advise him about the minimum mandatory sentence, failing to foster his cooperation with the government, failing to negotiate a plea bargain with the government, and failing to challenge his prior convictions. Because Defendant has not demonstrated any prejudice resulting from his attorney's performance, he is not entitled to relief.

To prevail on a claim of ineffective assistance of counsel, a defendant must establish two elements: (1) that counsel's performance fell below the wide range of reasonably competent performance under prevailing professional standards and (2) that but for counsel's deficient performance, the outcome of the proceedings probably would have been different.  Strickland v. Washington, 466 U.S. 668, 687-89 (1984).  In evaluating counsel's performance, "every effort [must] be made to eliminate the distorting effects of hindsight . . . [and] a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.

The foregoing standard applies to all types of ineffective assistance of counsel claims, including ineffective assistance in entering a guilty plea.  Stano v. Dugger, 921 F.2d 1125, 1149-51 (11th Cir. 1991).  A guilty plea must be entered into with the advice of competent counsel regarding alternative courses of action open to the defendant.  Id.  When counsel does not provide the defendant with

reasonably competent advice, a guilty plea may be deemed involuntary and, as such, open to attack.  Id.

To be successful in the attack, a defendant must show that but for the incompetent advice of counsel, he would not have pleaded guilty and, instead, would have insisted on going to trial.  Id. at 1150 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  Where the alleged deficiency of counsel is "failure to investigate or discover potentially exculpatory evidence the determination of whether the error prejudiced the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea."  Id.  "This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial."  Id.

In this case, Defendant complains that his attorney failed to conduct a pretrial investigation.  Even assuming that the attorney's investigation was deficient, Defendant fails to explain what evidence his attorney would have found. The record is devoid of any indication that Defendant's attorney would have found exculpatory evidence that was likely to change the outcome of this case had it proceeded to trial.  Accordingly, Defendant has failed to demonstrate prejudice to show that he is entitled to relief on this claim.

Defendant also complains that his attorney was ineffective for failing to file

a motion to suppress statements he made without first being given a <u>Miranda</u>[1] warning.  Had such a motion been filed, it would not have been successful.  Defendant made the statements to law enforcement officers on June 28, 2001.  He was not in custody at the time he made the statement, nor was he taken into custody immediately afterward.  Several weeks passed until Defendant was arrested on July 27, 2001.

The protections of <u>Miranda</u> apply to custodial interrogations.  They have no application to statements made by a defendant during an investigative stop unless the defendant is subjected to additional pressure comparable to formal arrest.  <u>United States v. Acosta</u>, 363 F.3d 1141, 1148-50 (11th Cir. 2004); <u>United States v. Torking</u>, 874 F.2d 1441, 1445-46 (11th Cir. 1989).  In this case, the questioning occurred in Defendant's home in an atmosphere "substantially less 'police dominated' than that surrounding the kinds of interrogation at issue in <u>Miranda</u> itself . . . ."  <u>Acosta</u>, 363 F.3d at 1150 (quoting <u>Berkemer v. McCarty</u>, 468 U.S. 420, 438-39 (1984)).  Defendant cites to no particular circumstances that would put his questioning on the level of a custodial interrogation.  Accordingly, Defendant has failed to demonstrate an entitlement to relief on this ground.

Defendant also complains that his attorney gave him incorrect information concerning the minimum mandatory sentence.  When Defendant entered his

---

[1] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

guilty plea, however, Defendant acknowledged that he was facing a ten-year minimum mandatory term. Doc. 37, pp. 15-18. He acknowledged that he would be sentenced to "[w]hatever Judge Mickle gives me" and that at least a ten year sentence would be imposed. Doc. 37, pp. 18-23. Defendant also acknowledged that no one had made him promises as to any sentence that might be imposed. Doc 37, pp. 23-24. To the extent, therefore, Defendant claims that he entered into a guilty plea based on an expectation, as communicated by his attorney, that he would be sentenced below the minimum mandatory sentence, the claim is refuted by the plea colloquy. Accordingly, Defendant has failed to demonstrate an entitlement to relief on this ground.

Defendant's remaining claims relate to sentencing issues that do not undermine Defendant's decision to plead guilty. Instead, the claims focus on sentencing prejudice as a result of Defendant's attorney's poor performance. Defendant argues that his attorney was ineffective for failing to foster his cooperation with the government, failing to negotiate a plea bargain with the government, failing to review the presentence investigation report with Defendant, and failing to challenge Defendant's prior convictions. The goal of all of these actions would be to free Defendant from the ten-year minimum mandatory sentence. Because Defendant has failed to demonstrate that any of these actions were likely to free him from the minimum mandatory and to thus result in a different sentence, his claims must be denied.

With regard to Defendant's cooperation, the Government retained the discretion to file or not file a substantial assistance motion on Defendant's behalf. Even assuming that Defendant's attorney performed deficiently in failing to turn over certain maps to the Government and failing to encourage Defendant's cooperation, law enforcement eventually interviewed Defendant and investigated the matters he disclosed, including the information on the maps.  The maps revealed additional plots of marijuana that Defendant himself had planted and had later been harvested by someone else.  The Government explained that because of Defendant's criminal history and lack of jail time, "the [G]overnment was not particularly interested in the marijuana cultivation information," and "[i]ndeed defendant provided more information about his own marijuana growing than that of anyone else."  Doc. 61, pp. 5-6.  The Government's position was "that a substantial assistance motion would not be filed unless [D]efendant produced extra-ordinary results and that there would be no such motion if all he did was cooperate against other marijuana growers."  Doc. 61, p. 5.  This position was based on the Government's assessment that information provided by Defendant should be against someone who "needed to be in jail more than [Defendant] does."  Doc. 61, p. 5.

Under the circumstances, it is not likely that Defendant would have received a substantial assistance motion even if his attorney encouraged Defendant to cooperate and timely turned over the maps.  The Government

eventually reviewed all of the information Defendant provided and decided that his cooperation was not substantial. Defendant cannot compel the Government to file a substantial assistance motion on his behalf. Accordingly, Defendant has failed to demonstrate an entitlement to relief on this ground.

Defendant's remaining ineffective assistance of counsel claims are similarly without merit. Defendant presumes that by challenging his prior convictions or by bargaining with the Government, Defendant's attorney could have placed Defendant in a position where the ten-year minimum mandatory sentence did not apply. Defendant, however, had nothing to bargain with when he entered his guilty plea and he makes no substantiated argument now that a challenge to his prior convictions would have been successful.

The Government states that it did not make any offer to negotiate a plea agreement for a sentence below the ten-year minimum mandatory term, and was not willing to make such an offer. Doc. 61, p. 7. Furthermore, at sentencing, Defendant was precluded from challenging his 1994 felony drug conviction because it was more than 5 years old. 21 U.S.C. § 851(e); <u>United States v. Williams</u>, 954 F.2d 668, 673 (11th Cir. 1992). Thus, even if Defendant's attorney had tried to negotiate a plea bargain or tried to challenge the prior convictions, he would not have been successful and the same sentence would have been imposed. Accordingly, Defendant has not demonstrated an entitlement to relief on these grounds.

Defendant makes other claims concerning review of the presentence investigation report and acknowledgment of prior convictions.  These claims should have been raised on direct appeal, but nevertheless do not entitle Defendant to relief because, as explained above, he can show no prejudice. United States v. Weaver, 905 F.2d 1466, 1481-82 (11th Cir. 1990) (no reversible error in failing to inquire whether defendant confirmed or denied prior conviction since defendant was precluded from challenging conviction due to its age); United States v. Aleman, 832 F.2d 142, 144 n.6 (11th Cir. 1987) (court not required to specifically ask defendant whether he read the presentence investigation report and reviewed it with his attorney).

Finally, Defendant argues that he should be allowed to amend his petition to include a Booker[2] claim   Leave to amend was properly denied because (1) Booker is not retroactively applicable to cases on collateral review, Valera v. United States, 400 F.3d 864, 867-68 (11th Cir. 2005); (2) Booker does not apply to prior convictions, United States v. Gallegos-Aguero, 409 F.3d 1274, 1276 (11th Cir. 2005); and (3) Defendant admitted to his prior felony drug convictions in the statement of facts supporting his guilty plea (doc. 19).

Accordingly, it is hereby ORDERED as follows:

1.    The magistrate judge's report and recommendation (doc. 79) is ADOPTED and incorporated by reference in this order.

---

[2] United States v. Booker, 543 U.S. 220 (2005).

    2.    Defendant's motion to vacate, set aside, or correct sentence (doc. 52) is denied.

    3.    Defendant's motion to supplement (doc. 68) is denied.

    4.    The Court certifies that Defendant has failed to make a substantial showing of the denial of constitutional right.  Therefore, no certificate of appealability will be issued.

DONE AND ORDERED this 25th day of September, 2006.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge